IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 10, 2002

## STATE OF TENNESSEE v. SCOTT E. SNOW

**Direct Appeal from the Criminal Court for Roane County**
**No. 12,338     E. Eugene Eblen, Judge**

---

**No. E2002-00834-CCA-R3-CD**
**July 15, 2003**

---

On June 19, 2000, the defendant, Scott E. Snow, was indicted by the Roane County Grand Jury for driving on a revoked license and driving under the influence, 3rd offense. On August 6, 2001, he was convicted by a jury of DUI 3rd, and acquitted of driving on a revoked license. The defendant received a sentence of 11 months and 29 days and was ordered to serve at least 240 days prior to release on probation. The defendant now brings this appeal claiming that the evidence was insufficient for the conviction of DUI. After a thorough review of the record, we find that the evidence is sufficient to sustain his conviction and there is no reversible error. Therefore the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Walter B. Johnson, Assistant Public Defender, Harriman, Tennessee, for appellant, Scott E. Snow.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; J. Scott McCluen, District Attorney General; and D. Roger Delp, Assistant District Attorney General; for appellee, State of Tennessee.

**OPINION**

Background

On the afternoon of March 24, 2000, Deputy Mike Moore of the Roane County Sheriff's Department went to the Midtown Motel in Roane County to serve an order of protection on the defendant, Scott E. Snow. When Deputy Moore arrived at the hotel he observed the defendant exiting the front seat of a light blue Chevrolet pick up truck. The deputy noticed the defendant was holding a set of keys in his hand and putting them in his pocket. The defendant walked to the back

of the truck where he was stopped and questioned by Deputy Moore. Deputy Moore noticed that the defendant had bloodshot eyes, slurred speech, and unsteadiness. Moore asked the defendant if he had been drinking. The defendant responded that he had consumed "two or three" drinks. He also informed the deputy that he had been to the bank, but he denied driving the vehicle. Deputy Moore asked the defendant to perform field sobriety tests and the defendant refused. The defendant was then placed under arrest for driving under the influence.

Analysis

The defendant claims that the evidence at trial was insufficient to support a guilty verdict for DUI, 3rd offense. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. State v. Tilson, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Id. at 779.

In the instant case the defendant was charged with violation of Tennessee Code Annotated section 55-10-401 which states:

> a) It is unlawful for any person to drive or to be in physical control of
>
> any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:
> (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or
>
> (2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more.

The defendant claims that he was not in physical control of the vehicle at the time of the arrest. In State v. Lawrence, 849 S.W.2d 761, 765 (Tenn. 1993), the supreme court adopted a totality of the circumstances test to determine whether a defendant is in physical control of a vehicle. Lawrence states:

> We are persuaded that the totality of the circumstances approach in assessing the accused's physical control of an automobile for purposes of T.C.A. § 55-10-401(a) should be followed in Tennessee. This method is neither so restrictive so as to thwart the obvious statutory aim of enabling the drunken driver to be apprehended before he maims or kills himself or someone else, nor is it so expansive as to permit a conviction where clearly not warranted, i.e., an intoxicated person sitting in the driver's seat of an automobile having no tires and mounted on blocks. Thus, when the issue is the extent of the accused's activity necessary to constitute physical control, as in the instant case, the test allows the trier of fact to take into account *all* circumstances, i.e., the location of the defendant in relation to the vehicle, the whereabouts of the ignition key, whether the motor was running, the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle, or the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise. The same considerations can be used as circumstantial evidence that the defendant had been *driving* the vehicle.

Id at 765.

Deputy Moore testified at trial that he did not observe the defendant operating the vehicle, only that he saw him getting out of the vehicle on the driver's side with the keys in his hands. Moreover, the vehicle was apparently fully functional and could be started and driven with the keys. Under these circumstances a rational trier of fact could conclude beyond a reasonable doubt that the defendant was in control of his vehicle.

Conclusion

Based on the foregoing, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE